UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOVANI MENDOZA LOEZA, filed by next of friend other Jahaira Ordonez,<br>Petitioner,<br>v.<br>WARDEN OF NORTHWEST ICE PROCESSING CENTER; and BRUCE SCOTT, Facility Director,<br>Respondents,<br>v.<br>UNITED STATES OF AMERICA,<br>Interested Party. | No. 2:26-CV-03016-SAB<br><br>**ORDER TRANSFERRING PETITION** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert.

Petitioner's Habeas Petition was docketed with the Court at 1:40 p.m. on August 26, 2026. Respondents indicate Petitioner was transferred out of the Western District of Washington to a detention facility in El Paso, Texas at 11:49 a.m. that same day, approximately two hours before the Petition was docketed.

28 U.S.C. § 2241 permits district courts to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Supreme Court has held, as a general rule, that habeas jurisdiction lies solely within the district in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). As

Petitioner did not reside within this district when his Habeas Petition was docketed, this Court never had jurisdiction over his Petition.

The Court finds that transfer, rather than dismissal, is the appropriate course of action. When a civil action is filed in a court that does not have jurisdiction, the court shall transfer such an action to a court "in which the action… could have been brought at the time it was filed." 28 U.S.C. § 1631. The civil case will "proceed as if it had been filed in… the court to which it is transferred." *Id*. As Petitioner is detained in El Paso, Texas, it appears the United States District Court for the Western District of Texas is the appropriate court to preside over his Petition. 28 U.S.C. § 124(d)(3). Transfer to the Western District of Texas, rather than dismissal, is in the interests of justice as dismissal would result in unnecessary delay while Petitioner refiles his Petition.

Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Clerk is directed to **transfer** this case to the Western District of Texas for all further proceedings. The Clerk is further directed to **close** the file after transferring it.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 2nd day of September 2026.

Stanley A. Bastian
United States District Judge